DECISION
Plaintiff appeals the real market value (RMV) and assessed value (AV) assigned to its property, identified as Account 0921351, for tax year 2007-08. Trial was held on June 24, 2008. Geoffrey D. Jones testified for Plaintiff. Bryce Krehbiel, county appraiser, represented Defendant; Tara Smith testified for Defendant. Subsequently, Defendant submitted written arguments; nothing was received from Plaintiff. The record closed August 5, 2008.
 I. STATEMENT OF FACTS
The subject property is located at 79476 Repsleger Road, Cottage Grove, Oregon. There are no improvements assessed to the account except for a small porch.[1] The subject land totals 4.3 acres.
This court has previously adjudicated a dispute between these parties as to similar assessment issues. For the 2004-05 tax year, the court denied Plaintiff's appeal.[2] In that case, the primary claim concerned the calculation of maximum assessed value (MAV). It was set at $47,786 that year. Similar issues are again presented by Plaintiff. *Page 2 
For the 2007-08 tax year, Plaintiff appealed to the Lane County Board of Property Tax Appeals (BOPTA) and received a reduction in the land's RMV. At trial, the parties held the following positions:[3]

 Land RMV Improvments RMV Total RMV MAV
Tax Statement $154,476 $3,240 $157,716 $52,218
BOPTA $117,945 $1,000 $118,945 $52,218
Complaint $23,132 $ -0- $23,132 $23,132

At trial, Plaintiff raised several allegations. The representative claims others in the neighborhood are assessed at lower levels. He contends the area realtors support an appreciate rate of 2.1 percent or less. Much of the presentation was aimed at criticisms and critiques of the Defendant's assessment theories and work product.
Defendant's Exhibit E shows that the property's MAV for 2006-07 was set at $50,697. The county appraiser stated that, for 2006, the average sale price in the area appreciated 12.7 percent. A 2006 "neighborhood realignment" assessment project was explained. The representative also mentioned the improvements might be overvalued by $750; however, that slight reduction would not affect the MAV for that year. *Page 3 
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[4] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent.
For the 2004-05 tax year, this court affirmed a MAV of $47,786. From that value, the MAV increased the allowable three percent to $49,220 for the 2005-06 tax year. From that value, the MAV again increased the allowable three percent to $50,697 for the 2006-07 tax year, and then to $52,218 for the period at issue in this appeal. Because the MAV is less than the property's RMV, it is the property's AV for tax year 2007-08. The MAV was simply the result of the three percent increase from each of the prior year's AV. *Page 4 
Plaintiff argues that the value is not consistent with neighboring properties. He is concerned that the high tax liability will negatively impact his attempts to sell the property in the future. The court agrees that negative consequences may occur from an increased tax burden. However, Plaintiff's arguments regarding uniformity have previously been rejected by the court as a basis for modifying the MAV. In Taylor v.Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 [of the Oregon Constitution] will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (Decision withdrawn on other grounds).
The court reiterated its holding on the uniformity issue in Ellis v.Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiff's allegations of nonuniform taxation. *Page 5 
 III. CONCLUSION
The court concludes that Defendant calculated the tax year 2007-08 MAV properly. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this _____ day of November 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November28, 2008. The Court filed and entered this document on November 28,2008.
[1] A mobile home at the site is assessed as Account 4156491 and is not part of the subject appeal.
[2] Decision in TC-MD No 050167B was filed November 30, 2005.
[3] Plaintiff also requested damages of "$1,400 cash from defendant." At trial, the magistrate explained that damages would not be awarded no matter which party prevailed.
[4] All references to the Oregon Revised Statutes (ORS) are to 2005.